## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Sylvia Adorno, Todd Eberhardy,                     Civil No. 12-55 (DWF/JJG)
Lloyd C. Loftus, Karen L. Loftus,
Chad J. Gibeau, Mindy Ann Holzer,
Robert E. Knutsen, Patricia C. Knutsen,
Steven J. Miller, Elainne M.
McMahon-Miller, and Mark L. Lutsey,

        Plaintiffs,

v.                                                 **MEMORANDUM**
                                                   **OPINION AND ORDER**

CitiMortgage, Inc., Mortgage Electronic
Registration Systems, Inc., MERSCORP, Inc.,
Federal National Mortgage Association,
and Peterson, Fram & Bergman, P.A.,

        Defendants.

---

William B. Butler, Esq., Butler Liberty Law, LLC, counsel for Plaintiffs.

John L Krenn, Esq., Kelly W. Hoversten, Esq., Gray Plant Mooty & Bennett, PA; and
Lucia Nale, Esq., Maritoni D. Kane, Esq., and Thomas V. Panoff, Esq., Mayer Brown
LLP, counsel for Defendants  CitiMortgage, Inc., Mortgage Electronic Registration
Systems, Inc., MERSCORP, Inc., and Federal National Mortgage Association.

Jared M. Goerlitz, Esq., Peterson, Fram & Bergman, PA, counsel for Peterson, Fram &
Bergman, P.A.

---

## INTRODUCTION

This matter is before the Court on a Joint Motion to Dismiss Plaintiffs' Amended

Complaint brought by Defendants Citi Mortgage, Inc. ("CitiMortgage"), Mortgage

Electronic Registration Systems, Inc. ("MERS"), MERSCORP, Inc. ("MERSCORP"),

Federal National Mortgage Association ("Fannie Mae") (together, the "Bank Defendants"), and Peterson, Fram & Bergman, P.A. ("PFB") (Doc. No. 11).  For the reasons set forth below, the Court grants Defendants' motion.

## BACKGROUND

Plaintiffs are homeowners and loan borrowers who executed promissory notes with six different lenders, relating to seven different properties.  (Doc. No. 10, Am. Compl. ¶¶ 1-7.)  All of the notes were allegedly secured  by mortgages that the Plaintiffs executed in favor of MERS.  (*Id.*)

Plaintiffs assert that the mortgages against their respective homes are invalid and voidable.  (*Id.* ¶ 15.)  In particular, Plaintiffs allege that they executed original promissory notes and/or mortgages in favor of entities different from Defendants, who now claim the legal right to foreclose.  (*Id.* ¶ 16.)  Plaintiffs further allege that each of their notes and mortgages was assigned to the corpus of a trust underlying a mortgage-backed security, and that those assignments were not endorsed, executed or recorded as required.  (*Id.* ¶¶ 18-23.)  Plaintiffs claim that the chain of title to each of their mortgages is thus "broken," that Defendants have no right, title or interest in Plaintiffs' properties, and that Defendants have falsely asserted the power of sale pursuant to each of Plaintiffs' mortgages.  (*Id.* ¶¶ 24, 28-36.)

Plaintiffs initially filed suit in Hennepin County District Court on or around December 7, 2011.  (Doc. No. 1, Ex. 1.)  In their Complaint, Plaintiffs asserted thirteen causes of action:  Count I—Quiet Title; Count II—Defendants are Not Real Parties In Interest; Count III—Defendants Do Not Have Legal Standing to Foreclose Mortgages;

Count IV—Slander of Title; Count V—Conversion; Count VI—Unjust Enrichment;

Count VII—Civil Conspiracy; Count VIII—Breach of Fiduciary Duty; Count XIV—

Fraud (against the Bank Defendants); Count X—Negligent Misrepresentation; Count

XI—Fraud (against PFB); Count XII—Equitable Estoppel; and Count XVIII—

Accounting.  CitiMortgage and Fannie Mae removed the action to this Court on

January 6, 2012, based on diversity jurisdiction under 28 U.S.C. § 1332(a).  (Doc. No. 1.)

On February 2, 2012, Plaintiffs filed an Amended Complaint.  (Doc. No. 10, Am.

Compl.)  In their Amended Complaint, Plaintiffs assert four causes of action:  Count I—

Quiet Title; Count II—Declaratory Judgment (alleging that parties other than Defendants

have legal title to Plaintiffs' notes and mortgages); Count III—Declaratory Judgment

(seeking declarations as to the rights and obligations under the original notes and

mortgages); and Count IV—Slander of Title.  (*Id.*)  Defendants now jointly move to

dismiss all of Plaintiffs' claims in the Amended Complaint.

## DISCUSSION

### I.    Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all

facts in the complaint to be true and construes all reasonable inferences from those facts

in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th

Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory

allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.

1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City

of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint,

matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6).  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Id.* at 555.  As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  *Twombly*, 550 U.S. at 556.

## II.    Rule 8

Defendants argue that Plaintiffs' Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure.  Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[1]  While the Rule 8 pleading standard does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-

---

[1]    Claims for fraud are governed by the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure.

harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A complaint will not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

 Plaintiffs' Amended Complaint asserts four causes of action involving eleven Plaintiffs, seven different mortgage loans and properties, and five Defendants. Plaintiffs' Amended Complaint, however, fails to provide any facts establishing the status of each loan, the status of foreclosure for five of the seven loans, or whether the statutory redemption period has expired for any properties already sold.  In addition, the Amended Complaint contains very few factual allegations regarding each Defendant's purportedly wrongful conduct and instead contains numerous factual allegations and claims that are asserted without any differentiation among the Defendants.  The Amended Complaint also fails to specify which Plaintiff is asserting which claims.  The Court concludes that such pleading is inadequate and that Rule 8 requires greater specificity than that found in Plaintiffs' Amended Complaint.  *See, e.g.*, *Liggens v. Morris*, 749 F. Supp. 967, 971 (D. Minn. 1990).  Thus, this case is properly dismissed under Rule 8.[2]  Even so, the Court considers alternative grounds for dismissal below.

---

[2]     It also appears that Plaintiffs lack standing.  To have standing under Article III of the Constitution, a plaintiff must allege (1) a concrete injury in fact, (2) that is fairly traceable to the challenged action, and (3) that is likely to be redressed by the relief sought. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  Here, Plaintiffs do not allege sufficient facts with respect to the status of each loan and the related foreclosure proceedings, and thus the Court cannot determine whether there is a viable controversy between the parties, let alone one that can be redressed by the relief sought.  *See, e.g., Tully v. Bank of Am., N.A.*, Civ. No. 10-4734, 2011 WL 1882665,
(Footnote Continued on Next Page)

### III.   Claims Against the Bank Defendants

Plaintiffs assert all four causes of action against the Bank Defendants.  At the heart of all of these claims is the allegation that the Bank Defendants do not have legal title to Plaintiffs' original notes, and do not have a right, title, or interest in Plaintiffs' properties. In essence, Plaintiffs argue that the Bank Defendants do not possess the original promissory notes secured by Plaintiffs' respective mortgages and thus cannot enforce the notes through acceleration and a foreclosure sale.  (*See, e.g.*, Am. Compl. ¶¶ 28-36.)  The Minnesota Supreme Court, the Eighth Circuit Court of Appeals, this Court, and other courts in this district have already considered and rejected this argument.  *See Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 500-01 (Minn. 2009) (holding that a mortgagee with legal title is not required to have any interest in the promissory note to foreclose by advertisement); *Stein v. Chase Home Finance, LLC*, 662 F.3d 976, 980 (8th Cir. 2011) ("[T]he right to enforce a mortgage through foreclosure by advertisement lies with the legal, rather than equitable, holder of the mortgage."); *Butler v. Bank of Am.*, Civil No. 11-461, 2011 WL 2728321, at *6 (D. Minn. July 13, 2011); *Welk v. GMAC*

_____

(Footnote Continued From Previous Page)

at *5-6 (D. Minn. May 17, 2011); *see also Sovis v. Bank of New York Mellon*, Civil No. 11-2253, 2012 WL 733758, at *4-5 (D. Minn. Mar. 6, 2012) (noting that the plaintiff's failure to identify a causal nexus between the challenged mortgage assignments and her injuries evidenced a lack of standing); *Karnatcheva v. JPMorgan Chase Bank, N.A.*, Civil No. 11-3452, 2012 WL 1657531, at *6 (D. Minn. May 11, 2012) ("Plaintiffs have no standing to assert any breaches of the [Pooling and Servicing Agreements], as they are not parties or third-party beneficiaries to such agreements.").

*Mortgage, LLC*, Civil No. 11-2676, 2012 WL 1035433, at *6 (D. Minn. Mar. 29, 2012);

*Jerde v. JPMorgan Chase Bank, N.A.*, Civil No. 11-2666, 2012 WL 206271, at *3 (D.

Minn. Jan. 24, 2012); *Murphy v. Aurora Loan Servs., LLC*, Civil No. 11-2750, 2012 WL

104543, at *3 (D. Minn. Jan. 12, 2012); *Kraus v. CitiMortgage, Inc.*, Civil No. 11-3213,

2012 WL 1581113, at *3 (D. Minn. May 4, 2012) *Vang v. PNC Mortgage, Inc.*, Civil

No. 11-3741, 2012 WL 2005398, at *3 (D. Minn. June 5, 2012); *Johnson v. Deutsche

Bank Nat'l Trust Co.*, Civil No. 12-445, 2012 WL 2119258, at *2-3 (D. Minn. June 11,

2012).

As previously explained in the above cases, it does not matter whether the Bank

Defendants can establish that they hold the promissory notes.  Moreover, to the extent

Plaintiffs argue that the chain of title to their mortgages is somehow "broken" (Am.

Compl. ¶ 24), such claims have also been rejected.  *See Karnatcheva*, Civil No. 11-3452,

2012 WL 1657531, at *5.  Plaintiffs have not alleged facts that would show that any

Bank Defendant was not the record owner of any mortgage at the time it initiated any

foreclosure by advertisement.  Nor have Plaintiffs alleged any specific facts that would

demonstrate a defect in any of the mortgage instruments or specific facts or law that

would call into question any assignment of a mortgage in this action.

For these reasons, Plaintiffs cannot establish that the Bank Defendants were not

entitled to foreclose.  Because all of Plaintiffs' claims against the Bank Defendants are

based on the same discredited legal argument, they are all properly dismissed with

prejudice.

### III.    Plaintiffs' Slander of Title Claim Against PFB

Plaintiffs also assert a Slander of Title claim against PFB.[3]  Specifically, Plaintiffs allege that PFB "maliciously published Notices of Foreclosure, Notices of Pendency and Sheriff's Sale Certificates regarding the Plaintiffs' properties, purporting that Defendants were holders in due course of Plaintiffs' Original Notes and falsely indicating that Defendants are entitled to enforce Plaintiffs' Mortgages and foreclose and take possession of Plaintiffs' homes."  (Am. Compl. ¶ 66.)  In addition, Plaintiffs allege that PFB has prepared and recorded documents against Plaintiffs' properties without verifying certain information.  (*Id*. ¶ 68.)  As a result, Plaintiffs claim that PFB conducted foreclosures and drafted corresponding documents when it should have known that its client:  had no right, title or interest in the properties; and had not complied with Minnesota Statute section 580.02.

All of Plaintiffs' claims, including Plaintiffs' Slander of Title claim against PFB, depend upon the discredited argument that only the holder of the promissory note may foreclose on a mortgage by advertisement.  For the previously stated reasons, this argument is without merit, and Plaintiffs have therefore failed to state a Slander of Title claim against PFB.  Even if Plaintiffs' Slander of Title claim against PFB is broader than the failed "show me the note" theory, and even assuming that there were errors or omissions in the documents submitted by PFB, Plaintiffs' claim against PFB fails

---

[3]    Plaintiffs also assert this claim against the Bank Defendants.  That claim fails for the reasons stated in Section II above.

because Plaintiffs have not alleged any facts that would overcome PFB's immunity as a law firm representing its clients by recording and filing necessary foreclosure documents. *See McDonald v. Stewart,* 182 N.W.2d 437, 440 (Minn. 1970) ("[A]n attorney acting within the scope of his employment as attorney is immune from liability to third persons for actions arising out of that professional relationship . . . [unless the attorney], exceeding the bounds of this unique agency relationship, either is dominated by his own personal interest or knowingly participates with his client in the perpetration of a fraudulent or unlawful act.").  Accordingly, the Court dismisses the Slander of Title claim asserted against PFB.[4]

## ORDER

Because it is apparent to the Court that there is no legal or factual basis for any asserted claim against Defendants, the Court grants Defendants' motion to dismiss. Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' Joint Motion to Dismiss (Doc. No. [11]) is **GRANTED**.

2. Plaintiffs' Amended Complaint (Doc. No. [10]) is **DISMISSED WITH PREJUDICE**.

---

[4] During the hearing on this motion, Plaintiffs argued that certain properties are Torrens properties and that the Court therefore lacked jurisdiction over those properties. The Court finds this argument to lack merit.  *See, e.g., Anderson v. CitiMortgage, Inc.*, Civil No. 12-230, Doc. No. 35 at 8-10 (D. Minn. April 24, 2012); *Olson v. Bank of Am., N.A.*, Civil No. 11-3710, 2012 WL 1660615, at *3 (D. Minn. April 19, 2012).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 25, 2012             s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge